## ST. LOUIS, V. & T. H. R. Co. *v.* TERRE HAUTE & I. R. Co.

*(Circuit Court, S. D. Illinois.* 1887.)

REMOVAL OF CAUSES—CITIZENSHIP—ACT OF MARCH 3, 1887.

Act of congress, March 3, 1887, after providing for the jurisdiction of federal courts, reads: "No civil suit shall be brought before either of said courts against any person, by any original process of [or] proceeding, in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or defendant." *Held* that, when the jurisdiction depends upon grounds other than the citizenship of the parties, the defendant must be sued in the district of his domicile, but, when the jurisdiction depends upon citizenship, the suit may be brought in the district in which either plaintiff or defendant resides.

On Demurrer.

St. Louis, Vandalia & Terre Haute Railroad Company, complainant, sued the Terre Haute & Indianapolis Railroad Company, defendant, to set aside a lease.

*Trumbull, Robbins & Trumbull* and *McDonald & Butler,* for complainant.

*George Hoadly, W. M. Ramsey, Greene & Humphrey,* and *John G. Williams,* for defendant.

Before GRESHAM and ALLEN, JJ.

GRESHAM, J., (ALLEN, J., *concurring.*) The complainant, an Illinois corporation, brings this suit against the defendant, an Indiana corporation, in the circuit court of the United States for the Southern district of Illinois, to set aside a lease executed by the complainant to the defendant of the former's line of railroad from East St. Louis to the Indiana state line, on the ground that the lease was unauthorized and void. The bill prays that the lease be annulled; that the possession of the property be restored to the complainant, and its title to the same quieted; and for other relief. The defendant entered its appearance, and demurred to the bill for want of equity.

Since the argument of the demurrer, we have read the opinion of the court in *County of Yuba* v. *Mining Co.,* 32 Fed. Rep. 183. That was a suit brought by a county of the state of California, in one of the courts of that state, against two Nevada corporations. The suit was removed from the state court to the circuit court of the United States, on the application of one of the defendants; and the latter court held that the removal was unauthorized, on the ground that under section 1 of the act of March 3, 1887, the suit could not have been originally brought in that court; and that under section 2 of the same act the right of removal was limited to suits that might be so brought. If this is a correct interpretation of the first and second sections, it follows that the bill should be dismissed for want of jurisdiction; the defendant being an Indiana corporation, and sued out of the district of its domicile. Section 1 of the act, after defining the jurisdiction of the federal courts, reads:

v.33F.no.7—25

"And no civil suit shall be brought before either of said courts against any person by any original process of proceeding [evidently meaning, ' or proceeding'] in any other district than that whereof he is an inhabitant; *but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.*"

The language quoted, but not underscored, would, if standing alone, limit the jurisdiction of the federal courts to suits brought against defendants in the districts of their domicile; but effect should be given to the underscored language, if it is capable of construction, and we think it is. While it must be admitted that the language of the act is awkward and uncertain,—inexcusably so,—we think the meaning of the two quoted clauses is this: When the jurisdiction depends upon the existence of a federal question, or upon grounds other than the citizenship of the parties, the defendant must be sued in the district of his domicile; but, when the jurisdiction depends upon the citizenship of the parties, the suit may be brought in the district in which either the plaintiff or the defendant resides. This construction is consistent with section 2, which provides that defendants who are sued out of the district in which they reside, may remove the suit from the state court to the federal court, when, under section 1, it might have been originally brought in that court. If a defendant cannot be sued elsewhere than in the district of his domicile, and the right of removal is denied both to resident plaintiffs and defendants, as it certainly is, then no suit can be removed at all. It may be that the jurisdiction in this case could be sustained under section 8 of the act of 1875; which is expressly continued in force by section 5 of the act of 1887.

We have thought it our duty to thus briefly state our reasons for giving a construction to the act of 1887 not in harmony with the opinion of the learned judges in *County of Yuba* v. *Mining Co.*