DIEBOLD *v.* PHŒNIX INS. CO. OF BROOKLYN.

*(Circuit Court, D. Kansas.* January 25, 1888.)

INSURANCE—REPRESENTATIONS—ABSOLUTE OWNERSHIP.

> Defendant's agent applied to the plaintiff, a German unfamiliar with business matters or the English language, for the insurance on a billiard hall, and was referred to the tenant, who signed an application, and a policy was issued on the hall and contents which contained a condition that if any other person than the insured had any interest in the property, real or personal, it must be so represented in the policy. Plaintiff owned the hall and billiard tables, but the other furniture and articles were owned by the tenant, of which facts the agent was aware, but the policy contained no statement of the tenant's interest in the property. The property being destroyed by fire, *held* that plaintiff was entitled to recover to the extent of his interest.

On Question Reserved for Examination.

This is an action brought by George Deibold against the Phœnix Insurance Company of Brooklyn, on a policy of fire insurance.

*C. W. Johnson,* for plaintiff.

*Jackson & Royse,* for defendant.

BREWER, C. J. This is an action on an insurance policy, and on the trial a single question was reserved for examination. The facts as to that are these: The policy covered a billiard hall, two billiard tables, and a lot of fixtures, furniture, cigars, and candies. The insured, plaintiff herein, owned the hall and the billiard tables. His brother-in-law owned the other articles. The policy contained this stipulation:

"If the interest of the insured in the property be any other than an absolute fee simple title, or if any other person or persons have any interest in the property described, whether it be real estate or personal property, * * * it must be so represented to the company, and so expressed in the written part of this policy; otherwise, the policy shall be void."

As the plaintiff was not the owner of all the property insured, this, of course, apparently vitiates the policy. As against this, these facts are relied upon: The plaintiff is a farmer, a German, unable to read or write our language, living on a farm some 12 miles distant from the town in which the billiard hall was situate. While on his farm an agent of the defendant solicited his insurance, and he took out a policy on his farm buildings. Ascertaining that the plaintiff owned this billiard hall, which had been insured theretofore in another company, the agent at the same time solicited the plaintiff to insure that property also in defendant's company. The plaintiff assented. The agent went to the town, examined the property, and, having been referred by plaintiff to his brother-in-

law, the occupant of the building, prepared the application, which was signed by the brother-in-law without plaintiff's knowledge. The agent was told by the brother-in-law that the furniture, etc., belonged to himself, and not to the plaintiff. There was some talk of taking two applications, but finally the agent concluded to put the property all in one, the value of such furniture, etc., being only $250, and insurance thereon sought only to the amount of $150. There is no express statement in the application as to the ownership of the property, and to the question, "Have you the title in fee?" the answer was, "No." Upon this application the policy was issued, and sent to plaintiff. Thereafter the property was wholly destroyed by fire. It is very evident that the plaintiff is a man unfamiliar with the matter of insurance, or the ways of business; not very familiar with our language, and apparently with little experience outside that of his farm-life. He relied upon the agent of the defendant to prepare the papers, and paid his money supposing everything to have been properly done. Common fairness requires, under such circumstances, that he should be paid for his property destroyed, and I doubt not, if the managing officers of this company defendant, a company which has a fair and honorable record, had heard, as I did, the plaintiff tell his story, supported as it was by the testimony of defendant's agent who solicited the insurance and prepared the application, the loss would have been paid without a moment's hesitation.

As it is, can this technical defense be sustained? If this agent had been one authorized to sign and issue policies, clearly it could not. *Peck* v. *Insurance Co.*, 22 Conn. 584; *Insurance Co.* v. *McLanathan*, 11 Kan. 549. And although the agent was only authorized to solicit and prepare applications, and not authorized to complete the contract of insurance, there are, I think, enough other matters to justify me in holding the company liable. The plaintiff relied wholly on the agent of the company, and, under the circumstances, had a right to rely upon him for the preparation of the application. The agent knew all the circumstances, did not consult the plaintiff about the application. In fact, the plaintiff remained on his farm while the agent arranged all matters with the brother-in-law in the town. To the question as to whether he owned the property in fee, an answer of "No" was returned. With this information presented in the application, with this knowledge on the part of its agent, and without further inquiry, the company issued its policy containing no statement of the title or interest of the plaintiff. Now, the provisions as to title and interest avoiding the policy are included in the same clause. Surely, if the title had been less than a fee simple, and the company with this information in the application had taken the plaintiff's money and issued the policy, would it be heard to plead that fact? And, after such application had been sent in, is it going too far to hold that the plaintiff had a right to suppose that the defendant, whose agent knew the exact facts, had gotten all the information it desired in reference to both title and interest? Further, after loss, and after full information as to the facts, the company made no offer to return the premium that it had received.

While I am aware that this is a doubtful question, and would not willingly throw down any of the bars which the company has put up to protect itself against imposition and fraud, the gross injustice which would be done if plaintiff were denied relief, leads me to hold that he is entitled to recover for the loss of his own property. Judgment will therefore be entered in his favor for $975, the insurance on the hall and billiard tables, and interest at 7 per cent. for two years and two months.