MILLER-MAGEE CO. *et al. v.* CARPENTER.

*(Circuit Court, S. D. Ohio, W. D.* February 29, 1888.)

**1. COURTS—FEDERAL JURISDICTION—JURISDICTIONAL AMOUNT—PATENTS FOR IN-
VENTIONS—ACTION FOR INFRINGEMENT.**

Neither Rev. St. U. S. § 711, vesting in the United States courts exclusive
jurisdiction of patent and copyright cases, nor section 699, providing for ap-
peals and writs of error in such cases, without regard to the sum in dispute,
was repealed by act Cong. March 3, 1875; and neither can therefore be re-
pealed by act March 3, 1887, which only purports to amend the former act.
Both acts merely refer to those cases where the state and federal courts have
concurrent jurisdiction.

**2. SAME—VENUE—DEMURRER.**

Where a bill shows on its face that defendant is not an inhabitant of the
district wherein the suit is brought, defendant may assert his objection to be-
ing served out of the district of his residence by demurrer as well as by mo-
tion to dismiss.

In Equity. On demurrer to bill.

*Jere F. Twohig* and *Howson & Sons,* for complainants.

*Parkinson & Parkinson,* for defendant.

JACKSON, J. The complainants, citizens of Ohio and Pennsylvania,
as the present owner and licensees of letters patent No. 281,101, for cer-
tain new and useful improvements in book binding, issued February 26,
1883, to Andrew J. Magee, instituted this suit September 3, 1887,
against the defendant, a citizen and resident of Covington, Ky., to re-
strain his use and infringement of said patent. Service of process was
had upon the defendant at Cincinnati, Ohio. In obedience to said pro-
cess, defendant has appeared, and demurred to the jurisdiction of this
court "for that it appears by said bill of complaint that this defendant
is not an inhabitant of the district wherein this suit is brought, and for
that it does not appear by said bill of complaint that the amount in con-
troversy is sufficient to give jurisdiction to this court." The bill makes
no allegation or averment as to the amount involved in the controversy;
and the second ground of demurrer assumes that, under the act of March
3, 1887, it must appear upon the face of the bill, in patent cases as in
other civil suits, that the matter in dispute exceeds, exclusive of interest
and costs, the sum of $2,000, in order for this court to entertain jurisdic-
tion. This position is not well taken. Under the statutes of the United
States the circuit court has exclusive jurisdiction of all cases arising un-
der the patent-right laws of the United States, without reference to the
amount involved. The act of 1875 in no way changed or affected the
jurisdiction. The act of March 3, 1887, is only amendatory of the act
of March 3, 1875, and in respect to patent cases, leaves the jurisdiction
of this court just as it stood prior to and after the passage of the act of
1875, so far as the amount involved is concerned. Before the act of
1875, this court had jurisdiction in patent suits without reference to the
amount involved. That act did not change this jurisdiction or intro-
duce any requirement as to amount in dispute in patent cases; and in

amending the act of 1875, no change in this respect is made by the act of March 3, 1887. The court is of the opinion that this ground of demurrer is not well taken and should be overruled.

The other ground of demurrer, viz., "that it appears by said bill of complaint that the defendant is not an inhabitant of the district wherein this suit is brought," presents a valid objection to the suit against the defendant in this district. It is not intended in holding this objection valid to decide that this court cannot, under the act of 1887, exercise any jurisdiction in cases like the present, when the defendant is not an inhabitant of the district wherein he is sued or served. This court is inclined to the opinion that the act confers only a personal privilege upon the defendant in such cases, which he may waive; but, without deciding that question, it is sufficient to hold—as the court does in the present case—that the facts appearing upon the face of the bill the defendant may assert his objection to being served out of the district whereof he is an inhabitant by demurrer as well as by plea or motion to dismiss. This practice was sanctioned by the court in the case of *Reinstadler* v. *Reeves*, 33 Fed. Rep. 308, (Feb. 21, 1888,) which involved the same question raised by the present demurrer.

The conclusion of the court is that the first ground of demurrer is well taken, and should be sustained. It is accordingly so ordered, and the complainants' bill will be dismissed with costs, but without prejudice to the right to sue in the proper district.

### ADDITIONAL OPINION.

#### (May 7, 1888.)

The question presented by one ground of demurrer in this case, viz., whether the jurisdiction of this court is defeated because the matter in dispute does not exceed, exclusive of interest and costs, the sum or value of $2,000, has, at the request of counsel for the defendant, been reconsidered by the court, and as the result of that re-examination the court is confirmed in the conclusion heretofore announced, that the $2,000 limitation placed upon the jurisdiction of the court by and under the act of March 3, 1887, does not apply to patent cases or to suits for infringement of patents. The exclusive jurisdiction vested in the courts of the United States in cases arising under the patent-right and copyright laws of the United States, (section 711, Rev. St.,) and the allowance of writs of error and appeals in such cases, without regard to the sum or value in dispute, (section 699, Rev. St.,) were not repealed, either expressly or by implication, by the act of March 3, 1875. The act of March 3, 1887, only purports to amend the act of March 3, 1875, and by no fair or proper construction can it be held to repeal the foregoing statutory provisions relating to the exclusive jurisdiction of this court in cases arising under the patent laws without reference to the amount involved. The acts of 1875 and 1887 both refer to that class of cases in which the federal courts have concurrent jurisdiction with state courts. They do not apply to cases arising under the patent and copyright laws, as to which exclusive jurisdiction is vested in the courts of the United States, with-

out reference to the amount involved. The court accordingly adheres to its former ruling on this question, and overrules this ground of demurrer with costs.