## McBRIDE v. GRAND DE TOUR PLOW Co. *et al.*

*(Circuit Court, S. D. Iowa.  October 18, 1889.)*

1. FEDERAL COURTS—JURISDICTION—WAIVER.
    A corporation of another state, defendant in a suit in a federal court which has jurisdiction of the subject-matter, by appearing, filing answer, and taking testimony, waives its right to insist on the hearing that it can be sued in the district of its residence only.

2. PATENTS FOR INVENTIONS—RIDING PLOWS—NOVELTY.
    Letters patent No. 284,036, issued to John H. McBride, for a "riding attachment for plows" were for a combination enabling the driver of a plow, while seated on it, to regulate the width and depth of furrow. It appeared on bill for infringement thereof that prior patents had been granted for similar inventions, but it was not clear that complainant's combination was not new. *Held*, that the *prima facie* case of validity of the patent arising from its issue was not overcome.

3. SAME—INFRINGEMENT.
    Complainant's patent is not infringed by plows manufactured under letters patent No. 353,234, issued to Charles S. Ruef, November 23, 1886, which attains the same objects, but by a different combination of the parts, as complainant's patent does not apply to the independent parts, they having been previously used.

In Equity.  Bill for infringement of patent.

*Cole, McVey & Clark*, for complainant.

*John G. Mannahan*, for defendants.

SHIRAS, J.   The first question for determination in this cause is that of jurisdiction over the Grand de Tour Plow Company, a corporation created under the laws of the state of Illinois.   The company appeared in the cause, filed an answer to the merits, has taken testimony, and now, upon the final hearing, not by a plea to the jurisdiction, but by a mere suggestion of counsel, seeks to question the jurisdiction of the court upon the theory that it cannot be sued in a district other than that of its residence.   Counsel cites authorities in support of the well-recognized principle that consent of parties cannot confer jurisdiction upon the courts of the United States, when such jurisdiction does not in fact exist.   It appears from the record, not only that the controversy arises under the patent laws of the United States, but also that the complainant, when the suit was brought, was and continues to be a citizen of the state of Iowa, and the defendant company was and is a corporation created under the laws of the state of Illinois.   The case, therefore, is one within the jurisdiction of the United States courts, and the question really presented is whether the company can waive the right of insisting that it can be sued only in the district of its residence.   Had the company, when it first appeared to the action, presented this question by motion, plea, or other proper method, it may be that its contention would have been sustained.   It did not do so, however, but joined issue on the merits, and it cannot be now permitted by mere suggestion to raise the question at the present time.   In cases of this character I do not think the act of 1888 has changed the rule recognized under the judiciary act of 1789 and subsequent statutes, that questions of jurisdiction, in the sense of the proper place or district for the bringing of the suit, should be raised by proper motion or plea, and, if not thus presented, are deemed to be waived.

The questions presented by the pleadings of the parties are as to the validity of letters patent No. 284,036, issued to complainant for a "riding attachment for plows," and as to infringement thereof by the plows manufactured by the defendant corporation, and sold by the other defendants as its agents.   The invention sought to be covered by the patent to complainant is practically upon a combination having two main objects in view, *i. e.*, the enabling the driver of the plow, while seated upon the driver's seat at the rear end of the plow, to raise and lower the point of the plow when in operation, so as to lessen or increase the depth of the furrow; and, secondly, to regulate the width of the furrow while maintaining the plow in such a position as that it will operate steadily. For the accomplishment of these purposes the complainant devised a combination at the front end of the plow-beam, a clevis, rack, frame, caster-wheel, a lever and link combined with each other, and a plow-beam, and at the rear an axle-frame, driver's seat, a rack, a wheel-bearer, two wheels and lever, combined with a plow-beam and plow.   It is impossible, without the aid of drawings, to fully describe the relation and workings of these several parts of the combination, and also of other portions of the machines as exhibited in the drawings attached to the patent, and it will not be attempted.   It appears from the evidence in the case that plows constructed according to the combinations shown in com-

plainant's patent are of practical value, and that the driver upon the plow, by the use of the machinery provided, is enabled to regulate the operations of the plow in a convenient manner. The combination thereof has a value sufficient to sustain the patent if it was novel when patented. A large number of patents of date prior to that of complainant have been introduced for the purpose of showing the state of the art, and thus seeking to sustain the defense of want of novelty. It cannot be questioned that it appears therefrom that complainant is not a pioneer in this field of invention. Broadly stated, it is apparent that in all devices of any practical value intended to combine a riding attachment to a plow, the main object to be provided for is enabling the driver, when in his seat, to control the operation of the plow proper; for, unless the driver can, as necessity arises, control the depth and width of the furrow, and the steady movement of the plow, the addition of the riding attachment would have little value. Without going into a statement in detail of the various devices shown in the several patents introduced in evidence, it is sufficient to repeat what has already been said, that it appears therefrom that complainant is not a pioneer in this line of invention, either as to the result sought to be accomplished or the means used to bring about the result. On the other hand, it has not been made clear that his combination is not novel as such, and it cannot be held, therefore, that the *prima facie* case in his favor, arising from the fact that he holds a patent duly issued, has been successfully met. The defense, therefore, of invalidity of complainant's patent, cannot be sustained.

Upon the question of infringement greater difficulty arises. It is admitted that the defendant corporation has been manufacturing and selling plows constructed according to the specifications and drawings attached to letters patent No. 353,234, issued to Charles S. Ruef under date of November 23, 1886; and the contention of complainant is that they are in fact an infringement. In substance, the purposes arrived at in the several combinations shown in the McBride and Ruef patents are identical, and it is to be expected that many of the several parts in the different machines should be found to be absolutely identical. As complainant is not the inventor, however, of any of such independent parts, the mere use thereof by the defendants does not constitute an infringement. In many respects the construction of the two machines is substantially the same, and generally it may be said that, if the McBride machine was the first of its kind in its entirety, the Ruef machine would certainly infringe it in several particulars. But McBride is not the inventor of the several co-acting parts of his machine, and it was therefore open to others to use these several parts, or any number thereof, and by new combinations thereof work out the same results accomplished in whole or in part by complainant. Of course it is not meant by this that the consequences of infringement could be escaped by slight changes in the combination, or by changing the mere position of some of the parts; but, if the differences were such that a new combination was the result, it would not then be an infringement. While the question is not by any means entirely clear nor free from doubt, yet the conclusion reached

is that the specific forms of combination found in the McBride machine are not repeated in the Ruef machine, and therefore the charge of infringement is not sustained. The bill of complainant must therefore be dismissed, at his costs.