UNION SWITCH & SIGNAL CO. et al. v. HALL SIGNAL CO. et al.

(Circuit Court, S. D. New York. January 23, 1895.)

CIRCUIT COURTS—JURISDICTION—PATENT CASES—NONRESIDENT DEFENDANTS.
The provision of the acts of March 3, 1887, and August 13, 1888, that no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant, applies to suits to restrain the infringement of patents brought against parties who are not aliens or corporations organized outside the United States. In re Hohorst, 14 Sup. Ct. 221, 150 U. S. 653, distinguished.

This was a suit to restrain the infringement of a patent. Defendants, by demurrer and plea, raised the objection that the court had no jurisdiction.

Cravath & Houston, for complainants.
Witter & Kenyon, for defendants.

TOWNSEND, District Judge. Counsel agree that the decision of the single question presented by demurrer and plea to this bill depends upon whether certain statements in the opinion of the supreme court of the United States in Re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, are controlling upon this court in this case. The suit is for infringement of a patent. The defendants claim that the circuit court for the Southern district of New York has no jurisdiction, because they are inhabitants of another state, and are not inhabitants of the state or district within which the suit is brought. The act of March 3, 1887 (chapter 373), as amended by that of August 13, 1888 (chapter 866), vests in the circuit and district courts of the United States jurisdiction over certain classes of controversies, and further provides that "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." By a decided preponderance of authority in the circuit courts, this act and the preceding ones of a like character have been applied to suits for infringement of patents against nonresident individuals and corporations. St. Louis, V. & T. R. Co. v. Terre Haute & I. R. Co., 33 Fed. 385; Fales v. Railway Co., 32 Fed. 673; Miller-Magee Co. v. Carpenter, 34 Fed. 433; Gormully & Jeffrey Manuf'g Co. v. Pope Manuf'g Co., Id. 818; Preston v. Manufacturing Co., 36 Fed. 721; Denton v. International Co., Id. 1; Connor v. Railroad Co., Id. 273; Jessup v. Railroad Co., Id. 735; McBride v. Plow Co., 40 Fed. 162; Henning v. Telegraph Co., 43 Fed. 131; Reinstadler v. Reeves, 33 Fed. 308; Illingworth v. Atha, 42 Fed. 141.

The precise question involved herein was presented by demurrer in this circuit in Halstead v. Manning, Bowman & Co., 34 Fed. 565, and the bill was dismissed by Judge Wallace, on the ground that this court had no jurisdiction over the defendant nonresident corporation. In Filli v. Railroad Co., 37 Fed. 65, Judge Lacombe set aside a service of summons on a nonresident defendant, on the same ground.

It was further shown by counsel for defendants that the construction of said provision adopted in this circuit, and generally in other

circuits, had been repeatedly assumed by the supreme court, and directly applied to suits for infringement of patents, in the following cases: Chaffee v. Hayward, 20 How. 208; Butterworth v. Hill, 114 U. S. 128, 5 Sup. Ct. 796.

In Re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, the supreme court recognizes the substantial identity of the earlier and the existing statutes, so far as this forum clause is concerned.

In Re Hohorst, supra, suit was brought against a foreign corporation for infringement of a patent. The subpoena was served upon the general agent of the company at its principal place of business at the city of New York. The motion of the defendant to dismiss the bill, because of lack of jurisdiction, was granted, and the case came before the supreme court on an application for a writ of mandamus to the judge of the circuit court to take jurisdiction of the suit, as against the corporation. The supreme court granted the writ. Mr. Justice Gray, delivering the opinion of the court, said:

"Moreover, the present suit is for an infringement of a patent for an invention, the jurisdiction of the national courts over which depends upon the subject-matter, and not upon the parties; and, by statutes in force at the time of the passage of the acts of 1887 and 1888, the courts of the nation had original jurisdiction, 'exclusive of the courts of the several states,' of all cases arising under the patent right or copyright laws of the United States, without regard to the amount or value in dispute. Rev. St. § 629, cl. 9; Id. § 711, cl. 5. The section now in question, at the outset, speaks only of so much of the civil jurisdiction of the circuit courts of the United States as is 'concurrent with the courts of the several states,' and as concerns cases in which the matter in dispute exceeds $2,000 in amount or value. The grant to the circuit courts of the United States, in this section, of jurisdiction over a class of cases described generally as 'arising under the constitution and laws of the United States,' does not affect the jurisdiction granted by earlier statutes to any court of the United States over specified cases of that class. If the clause of this section defining the district in which suit shall be brought is applicable to patent cases, the clause limiting the jurisdiction to matters of a certain amount or value must be held to be equally applicable, with the result that no court of the country, national or state, would have jurisdiction of patent suits involving a less amount or value. It is impossible to adopt a construction which necessarily leads to such a result. U. S. v. Mooney, 116 U. S. 104, 107, 6 Sup. Ct. 304; Miller-Magee Co. v. Carpenter, 34 Fed. 433. * * * Upon deliberate advisement, and for the reasons above stated, we are of opinion that the provisions of the existing statute which prohibit suit to be brought against any person 'in any other district than that whereof he is an inhabitant' is inapplicable to an alien or a foreign corporation sued here, and especially in a suit for the infringement of a patent right; and that, consequently, such a person or corporation may be sued by a citizen of a state of the Union in any district in which valid service can be made upon the defendant. In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587."

In the able and exhaustive briefs and arguments of counsel for defendants, it was strenuously contended that the decision of the court in Re Hohorst proceeded upon the ground that as the defendant therein was an alien, not an inhabitant of any district within the United States, it was necessary to so construe the above provision as not to embrace aliens. Upon this point the supreme court says:

"The intention of congress is manifest, at least as to cases of which the courts of the several states have concurrent jurisdiction, and which involve a certain amount or value, to vest in the circuit courts of the United States full and effectual jurisdiction, as contemplated by the constitution, over each

of the classes of controversies above mentioned; and (what particularly concerns the case at bar) congress, following the very words of the constitution, has here vested in those courts jurisdiction of controversies 'between citizens of a state and foreign states, citizens, or subjects.' The question then arises how far the jurisdiction thus conferred over this last class of controversies, and especially over a suit by a citizen of a state against a foreign citizen or subject, is affected by the subsequent provisions of the same section, by which, after other regulations of the jurisdiction of the circuit courts and district courts of the United States, it is enacted that 'no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.' Of these two provisions the latter relates only to suits between citizens of different states of the Union, and is therefore manifestly inapplicable to a suit brought by a citizen of one of these states against an alien. And the former of the two provisions cannot reasonably be construed to apply to such a suit. The words of that provision, as it now stands upon the statute book, are that 'no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant.' These words evidently look to those persons, and those persons only, who are inhabitants of some district within the United States. Their object is to distribute among the particular districts the general jurisdiction fully and clearly granted in the earlier part of the same section; and not to wholly annul or defeat that jurisdiction over any case comprehended in the grant. To construe the provision as applicable to all suits between a citizen and an alien would leave the courts of the United States open to aliens against citizens, and close them to citizens against aliens. Such a construction is not required by the language of the provision, and would be inconsistent with the general intent of the section as a whole."

A careful consideration of these questions has led me to alter the view originally taken as to the effect of the Hohorst decision, and to conclude that the supreme court of the United States must have intended that what is therein said as to suits for infringement of patents should be limited to aliens or foreign corporations. The reasons for this conclusion are the following: The defendant in the Hohorst Case was an alien corporation. The only question presented in the briefs and arguments of counsel was as to the application of the acts of 1887 and 1888 to suits against aliens. The reasoning of the opinion is limited to a consideration of the effect of said laws upon such suits. In Railway Co. v. Gonzales, 151 U. S. 503, 14 Sup. Ct. 401, the court says:

"Both the decision and reasoning in the Hohorst Case were carefully limited to a suit brought by a citizen against an alien."

Furthermore, in the exhaustive opinion of Mr. Justice Gray in Shaw v. Mining Co., 145 U. S. 444, 453, 12 Sup. Ct. 935, he says:

"This case does not present the question what may be the rule in suits against an alien or a foreign corporation, which may be governed by different considerations. Nor does it affect cases in admiralty, for those have been adjudged not to be within the scope of the statute. In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587. All that is now decided is that, under the existing act of congress, a corporation, incorporated in one state only, cannot be compelled to answer, in a circuit court of the United States held in another state in which it has a usual place of business, to a civil suit, at law or in equity, brought by a citizen of a different state."

It would seem that in this opinion the court had in mind the distinction which might be drawn between the application of the rule

in suits against a foreign corporation, and a corporation incorporated in one state only.

See, also, Machine Co. v. Walthers, 134 U. S. 41, 10 Sup. Ct 485; Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44; Railway Co. v. Gonzales, supra.

In these circumstances, I shall follow the rule adopted in this and other circuits, and by the supreme court, in suits against nonresidents not aliens. This conclusion renders it unnecessary to consider the further arguments, which were forcibly suggested, that a construction of said law which would exclude patent causes would be an unnatural one, in view of the general scope and phraseology of the act; that it would impose hardship and promote injustice by permitting nonresident parties to be sued wherever they happened to be found; and that it would lead to an unequal distribution of the business of the courts in the various circuits. The demurrer and plea are sustained.