## DONNELLY v. UNITED STATES CORDAGE CO.

### (Circuit Court, D. Massachusetts. March 16, 1895.)

#### No. 512.

CIRCUIT COURTS—JURISDICTION OVER PARTIES — NONRESIDENTS OF DISTRICT— PATENT SUITS.

In section 1 of the judiciary act of 1887-88 (1 Supp. Rev. St. 611), the clause defining the districts in which suits may be brought is not limited in operation to the classes of cases enumerated in the preceding part of the section as being within the jurisdiction of the circuit courts, but applies to all suits, including patent cases; hence a New Jersey corporation cannot be sued in the district of Massachusetts for infringement, although it has a place of business there.

This was a suit in equity by Michael Donnelly against the United States Cordage Company for infringement of a patent. Defendant demurred to the bill for want of jurisdiction.

George R. Swasey, for complainant.

Fish, Richardson & Storrow, for defendant.

COLT, Circuit Judge. This is a bill in equity brought for the infringement of a patent by a citizen of Massachusetts against the defendant, a corporation organized under the laws of New Jersey, but having a usual place of business in Boston, in the Commonwealth of Massachusetts. The case was heard upon demurrer to the bill for want of jurisdiction.

The question in issue arises under section 1 of the act of March 3, 1887 (24 Stat. c. 373), as corrected by the act of August 13, 1888 (25 Stat. c. 866; 1 Supp. Rev. St. 611), the material parts of which are as follows:

"The circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority * * * or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid * * * or a controversy between citizens of a state and foreign states, citizens, or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid. But no person shall be arrested in one district for trial in another in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The contention of the plaintiff is that the last part of this statute, which defines the district where suits of a civil nature are to be

brought, is limited to the class of actions mentioned in the first part, and therefore does not apply to a suit concerning a patent right where the subject-matter is within the exclusive jurisdiction of the federal courts. In support of this proposition the plaintiff refers to the case In re Hohorst, 150 U. S. 653, 661, 14 Sup. Ct. 221.

The first part of the act mentions certain classes of suits in which the circuit courts shall have original cognizance concurrent with the courts of the several states. The second provision does not seem to be restricted to any particular class of actions in the circuit court, but apparently covers all classes of civil actions in both the circuit and district courts. The language is:

"But no person shall be arrested in one district for trial in another in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

Then follows the exception where jurisdiction is founded solely on diversity of citizenship, which is inapplicable to the present case.

Like the act of March 3, 1875, this act does not supersede the prior statutes (Rev. St. § 629) granting the circuit courts jurisdiction in civil actions therein mentioned, including those arising under the patent laws of the United States. U. S. v. Mooney, 116 U. S. 104, 6 Sup. Ct. 304; Miller-Magee Co. v. Carpenter, 34 Fed. 433.

The distinction between the first and second paragraphs of the act is clearly set forth in Smith v. Lyon, 133 U. S. 315, 316, 10 Sup. Ct. 303, where the supreme court, by Mr. Justice Miller, says:

"This first clause of the act describes the jurisdiction common to all the circuit courts of the United States, as regards the subject-matter of the suit, and as regards the character of the parties who by reason of such character may, either as plaintiffs or defendants, sustain suits in circuit courts. But the next sentence in the same section undertakes to define the jurisdiction of each one of the several circuit courts of the United States with reference to its territorial limits, and this clause declares that 'no person shall be arrested,' " etc.

The restriction in this statute with respect to the district where suits must be brought has been uniformly applied by the circuit courts to actions for infringement of patents. Miller-Magee Co. v. Carpenter, 34 Fed. 433; Halstead v. Manning, Id. 565; Gormully & Jeffrey Manuf'g Co. v. Pope Manuf'g Co., Id. 818; Reinstadler v. Reeves, 33 Fed. 308; National Typewriter Co. v. Pope Manuf'g Co., 56 Fed. 849; Stepladder Co. v. Gordon, 57 Fed. 529; Preston v. Manufacturing Co., 36 Fed. 721; Cramer v. Manufacturing Co., 59 Fed. 74; Adriance v. Harvesting Mach. Co., 55 Fed. 287. This act, like the act of March 3, 1875, is merely a modification of the eleventh section of the judiciary act of Sept. 24, 1789 (1 Stat. c. 20). U. S. v. Mooney, 116 U. S. 104, 106, 6 Sup. Ct. 304; Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303. In the former case, the court says:

"How, then, can the substantial re-enactment of section 11 by the act of March 3, 1875, with modifications immaterial so far as the question in hand is concerned, have an effect which the original section did not? * * * It is not to be supposed that congress, in using in the act of 1875 the same

language. so far as the present question is concerned, as that employed in the act of 1789, intended to give it a meaning different from that put upon it by this court, and which had remained unchallenged for three-quarters of a century."

If the provision defining the districts in which suits must be brought contained in the eleventh section of the judiciary act has been adjudged not to be limited to those cases in which the federal and state courts have concurrent jurisdiction, then it follows that the same construction should be applied to this statute, which is simply an amendment of the original act.

Chaffee v. Hayward, 20 How. 208, 215, 216, was a suit brought for the infringement of a patent in the circuit court for the district of Rhode Island. Service was made by the attachment of the property of the defendant, who was not an inhabitant of the district, or found therein. In construing the language of section 11 of the judiciary act, the supreme court says:

"It is insisted, however, for the plaintiff, that these rulings were had in cases arising where the jurisdiction depended on citizenship; whereas, here the suit is founded on an act of congress conferring jurisdiction on the circuit courts of the United States in suits by inventors against those who infringe their letters patent, including all cases, both at law and in equity, arising under the patent laws, without regard to citizenship of the parties or the amount in controversy, and therefore the eleventh section of the judiciary act does not apply. * * * It applies in its terms to all civil suits. It makes no exception, nor can the courts of justice make any. The judicial power extends to all cases in law and equity arising under the constitution and laws of the United States, and it is pursuant to this clause of the constitution that the United States courts are vested with power to execute the laws respecting inventors and patented inventions; but where suits are to be brought is left to general law, to wit, to the eleventh section of the judiciary act."

In Butterworth v. Hill, 114 U. S. 128, 131, 5 Sup. Ct. 796, the plaintiff, a citizen of Vermont, brought his bill in the circuit court of Vermont against the commissioner of patents, residing in Washington, to adjudge that he (the inventor) was entitled to his patent. In that case, the court, referring to the act of March 3, 1875, says: "We entertain no doubt that this statute applies to suits brought under section 4915."

In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221 (see, also, Railroad v. Gonzales, 151 U. S. 496, 503, 14 Sup. Ct. 401), decided the single point that the act of 1887 did not apply to a suit brought by a citizen against an alien, on the ground mainly that the words "against any person" in the act must be held to mean "against an inhabitant of the United States." Any expression of opinion, not necessary to the determination of that case, cannot be considered as an authority in a case which presents a different question. Carroll v. Lessee of Carroll, 16 How. 275, 287; Barney v. Railroad Co., 117 U. S. 228, 231, 6 Sup. Ct. 654.

The defendant, being a corporation, incorporated under the laws of New Jersey, cannot under this statute be considered an inhabitant, citizen, or resident of a state other than that in which it was incorporated. Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935; Southern Pacific Co. v. Denton, 146 U. S. 202, 205, 13 Sup. Ct. 44.

It follows, for the reasons given, that the defendant cannot be compelled to answer to a suit brought in this district, and that the bill must be dismissed for want of jurisdiction. Demurrer sustained; bill to be dismissed, with costs.