## SMITH v. SARGENT MANUF'G CO.

### (Circuit Court, S. D. New York. May 18, 1895.)

COURTS—JURISDICTION IN PATENT CASES—WHERE SUIT MAY BE BROUGHT.

The provision in the judiciary act of 1887, as amended in 1888 (25 Stat. 433), requiring suits to be brought in the district of defendant's residence, does not apply to suits for infringement of a patent, and such suits may be brought wherever personal service can be had. In re Hohorst, 14 Sup. Ct. 221, 150 U. S. 653, followed.

This was an action at law by Herbert S. Smith against the Sargent Manufacturing Company for alleged infringement of a patent. Defendant demurs to the complaint for want of jurisdiction.

Thomas M. Wyatt, for plaintiff.

Francis Forbes, for defendant.

WHEELER, District Judge. The plaintiff is a citizen of New York; the defendant is a corporation and citizen of Michigan; and the suit is brought for an alleged infringement in this district of letters patent of the United States No. 185,193, issued to the plaintiff for an improvement in wheeled chairs, and therefore arises under the patent-right laws of the United States. The defendant has demurred to the complaint, assigning for cause want of jurisdiction "of the person of the defendant," because the suit is brought in another district than that whereof the defendant is an inhabitant. The act of 1887, as amended in 1888 (25 Stat. 433), is relied upon to support this demurrer. The circuit courts of the United States had exclusive jurisdiction of cases arising under the patent laws long before the act of 1887; and before the act of 1875 the district courts had exclusive jurisdiction of all suits for penalties and forfeitures incurred under the laws of the United States. Act Feb. 15, 1819 (Story's Laws U. S. 1719); Act July 4, 1836, § 17 (5 Stat. 119); Rev. St. U. S. § 563, cl. 3; Id. § 629, cl. 9; Id. § 711, cls. 3, 5. These suits could be brought in any district where personal service could be made upon the defendant. Chaffee v. Hayward, 20 How. 208. The general words of the act of 1875 would have given the circuit court jurisdiction of suits for penalties and forfeitures of which the district court before had exclusive jurisdiction, but the supreme court held that this special jurisdiction of the district court was not included in these general words. U. S. v. Mooney, 116 U. S. 104, 6 Sup. Ct. 304. In the same way, suits under this special jurisdiction of the circuit courts in patent cases would be included by the general words of the act of 1887, as to where suits should be brought, but the supreme court has said that suits under this special and exclusive jurisdiction of the circuit were not included by these general words. In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221. This decision and this saying of the supreme court seem to be sufficient for overruling the demurrer in this case now. Demurrer overruled.