### NATIONAL BUTTON WORKS v. WADE.

(Circuit Court, S. D. New York. February 1, 1896.)

COURTS—JURISDICTION IN PATENT CASES—WHERE SUIT MAY BE BROUGHT.

A resident of the Eastern district of New York, who is doing business in the Southern district, and is "found" and served therein, may be sued therein for infringement of a patent by a corporation of another state. In re Hohorst, 14 Sup. Ct. 221, 150 U. S. 659, followed.

Motion to Dismiss Bill for Want of Jurisdiction.

The complainant is a Pennsylvania corporation; defendant a citizen of New York, doing business in the Southern district, but a resident of the Eastern district, of that state. He was "found" in the Southern district, and there served with process. The suit is for infringement of a patent.

W. P. Preble, Jr., for the motion.
Jerome Carty, opposed.

LACOMBE, Circuit Judge. Subsequent to the passage of the act of 1887, and prior to the decision of the supreme court in Re Hohorst, 150 U. S. 659, 14 Sup. Ct. 221, applications such as this, when made upon like facts, were uniformly granted in patent causes in this circuit, and the decided preponderance of authority in other circuits approved such a disposition of them; the act of 1887 being construed as operating in restriction of jurisdiction. The opinion in the Hohorst Case has been held to apply to all patent causes by Judge Wheeler in Smith v. Manufacturing Co., 67 Fed. 801, and by Judge Townsend to apply only to such suits when brought against aliens. Union Switch & Signal Co. v. Hall Signal Co., 65 Fed. 625. See, also, opinion of Judge Colt in Donnelly v. Cordage Co., 66 Fed. 613. The latter construction commended ieself to the judge now sitting, and has been followed in at least two cases, not reported. It is doubtful, however, whether the Hohorst Case can be thus distinguished in view of the later opinion of the supreme court in Re Keasbey & Mattison Co. (Dec. 16, 1895) 16 Sup. Ct. 273, where that court says that the Hohorst Case was "a suit for infringement of a patent right, exclusive jurisdiction of which had been granted to the circuit courts of the United States by sections [of the Revised Statutes] re-enacting earlier acts of congress, and was, therefore, not affected by general provisions regulating the jurisdiction of the courts of the United States concurrent with that of the several states." The motion to dismiss is therefore denied.