MULLER v. HAAS et al. (Circuit Court, S. D. New York. April 8, 1902.) Motion for Preliminary Injunction. Arthur v. Briesen, for the motion. Allan D. Kenyon, opposed.

LACOMBE, Circuit Judge. Conceding that the additional prior patents introduced in evidence in this case make it necessary to restrict the patent closely to the details of cut shown in the specifications, nevertheless the first claim seems to be infringed. Whatever may be the patterns according to which defendants generally make riding habits, the particular habit produced here, when taken apart, shows so close a resemblance to the parts A and D of the patent as to warrant issue of preliminary injunction.

---

PAYNE v. L. H. PARKE & CO. (Circuit Court, E. D. Pennsylvania. May 6, 1902.) No. 60. C. H. Edmunds and John Sparhawk, Jr., for plaintiff. Samuel M. Clement, Jr., and P. F. Rothermel, Jr., for defendant.

DALLAS, Circuit Judge. The only controversy in this case was upon a question of fact, as to which the evidence was conflicting. It was therefore rightly submitted to the jury. I do not think that the communication in writing which the jurors made to the court disclosed that they failed to consider any part of the evidence, and it is certain that both in the general charge and by the reply which was made to that communication they were distinctly instructed that it was their duty to consider the whole of it. The defendant's rule for new trial is discharged.

---

RICORDI et al. v. JOHN CHURCH CO. et al. (Circuit Court, S. D. New York. April 3, 1902.) Motion for Preliminary Injunction. Irving Dittenhoefer, for the motion. Bryan & Edwards, opposed.

LACOMBE, Circuit Judge. I cannot see that the law as to jurisdiction is any better settled than it was when this court decided National Button Works v. Wade (C. C.) 72 Fed. 298. Whatever qualification of the broad statements of the opinion in Re Hohorst, 150 U. S. 659, 14 Sup. Ct. 221, 37 L. Ed. 1211, was supposed to be found in Railroad Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248, cannot any longer be accepted as settled, since In re Keasbey & Mattison Co., 160 U. S. 229, 16 Sup. Ct. 273, 40 L. Ed. 402. Within the language of the Hohorst opinion, this court has jurisdiction. Motion for preliminary injunction is granted.