*In re* HOHORST, Petitioner.

ORIGINAL.

No. 7. Original. Argued November 14, 1893. — Decided December 18, 1893.

In the act of March 3, 1887, c. 373, § 1, as corrected by the act of August 13, 1888, c. 866, giving the Circuit Courts of the United States original jurisdiction, " concurrent with the courts of the several States," of all suits of a civil nature, in which the matter in dispute exceeds $2000 in amount or value, " arising under the Constitution or laws of the United States " or in which there is " a controversy between citizens of a State and foreign States, citizens or subjects," the provision that " no civil suit shall be brought against any person by any original process or proceeding in any other district than that whereof he is an inhabitant," is inapplicable to an alien or a foreign corporation sued here, and especially in a suit for the infringement of a patent right; and such a person or corporation

may be sued by a citizen of a State of the Union in any district in which valid service can be made upon the defendant.

It is a sufficient service of a subpœna upon a foreign steamship company, which has within the district no officer, and no agent expressly authorized to accept service, to serve it upon its financial agent, at his office, at which the financial and monetary business of the company in this country is transacted, and which has been advertised by the company as its own office; although the docks of the company, where its steamships land and take and discharge cargo, and its office for the transaction of matters connected with its actual industrial operations in this country, are in another district.

If a suit brought in the Circuit Court of the United States against a foreign corporation and against individuals is erroneously dismissed as against the corporation for want of jurisdiction thereof, mandamus lies to compel that court to take jurisdiction of the suit as against the corporation. And when an appeal, taken by the plaintiff to this court within six weeks from the order of dismissal, remains upon the docket, without any motion by the appellee to dismiss it, until the case is reached for argument, and is then dismissed by the court for want of jurisdiction, and the plaintiff, within five weeks afterward, applies for a writ of mandamus, there is no such laches as should deprive him of this remedy.

THIS was a petition for a writ of mandamus to the Judges of the Circuit Court of the United States for the Southern District of New York, to command them to take jurisdiction and proceed against the Hamburg-American Packet Company upon a bill in equity, filed in that court on September 15, 1888, by the petitioner, described in the bill as of the city of New York, and a citizen of the State of New York against "the Hamburg-American Packet Company, a corporation organized and existing under the laws of the Kingdom of Hanover, Empire of Germany, and doing business in the city of New York; Henry R. Kunhardt, Sr., Henry R. Kunhardt, Jr., George H. Diehl, citizens of the United States and residents of the State of New York, and Arend Behrens and William Koester, citizens of the United States and residents of the State of New Jersey;" for the infringement by all the defendants of letters patent granted by the United States to the plaintiff for an improvement in slings for packages. Upon that bill the following proceedings took place:

A subpœna was issued, addressed to all the defendants, and was served on September 17, 1888, as stated in the marshal's

return thereon, "upon the within named defendant, Henry R. Kunhardt, Sr., by exhibiting to him the within original, and at the same time leaving with him a copy thereof;" and "upon the within named defendant, Hamburg-American Packet Company, by exhibiting to Henry R. Kunhardt, Sr., general agent for said company, the within original, and at the same time leaving with him a copy thereof."

On November 5, 1888, the return day of the subpœna, a general appearance for all the defendants was entered by a solicitor.

On December 18, 1888, the company, "by Kunhardt & Co., agents," filed a demurrer to the bill, for multifariousness, for want of equity, "and for divers other good causes of demurrer appearing in the said bill of complaint" and not otherwise specified; and supported the demurrer by the affidavit of Behrens, that he was an agent of the company, that the demurrer was not interposed for delay, and that he was duly authorized to make the affidavit in behalf of the company.

On December 24, 1888, the plaintiff moved for leave to amend his bill, by alleging that the defendants jointly infringed his patent; and "that all of the defendants above named are inhabitants of the city and county of New York; that the defendant, the Hamburg-American Packet Company, has its principal business office in this country located in the city and county of New York; that the defendants Henry R. Kunhardt, Sr., Henry R. Kunhardt, Jr., George H. Diehl, Arend Behrens and William Koester are, and during the time of the infringement above set forth were, copartners under the firm name of Kunhardt & Company, and as such copartners are and were the agents and managers of the business of the Hamburg-American Packet Company in this country, and have their principal business office as such located in the city and county of New York; and that the said infringements were committed in the prosecution of such business, and all the defendants have coöperated and participated in all the said acts and infringements."

An affidavit of Behrens, filed in opposition to this motion, contained the following statements; "I do not regard it as

true that the Hamburg-American Packet Company has its principal business office in this country located in the city and county of New York. The actual facts are that the said company has its docks, where all its steamers land and take and discharge cargo, situated in the State of New Jersey. There also is the office of the company for the transaction of the matters immediately connected with all its actual industrial operations in this country. Said company advertises that it has an office in the city of New York, which is the office of the firm of Kunhardt & Co., is rented by Kunhardt & Co., and entirely under their control. It is in fact the office of Kunhardt & Co., agents for the Hamburg-American Packet Company; and in said office of Kunhardt & Co., and by Kunhardt & Co. as agents, the usual monetary and financial transactions of said Hamburg-American Packet Company are conducted. All the actual physical business of said Hamburg-American Packet Company within the United States, however, is conducted within the State of New Jersey, as aforesaid. It is not true that Kunhardt & Co. have, jointly with said Hamburg-American Packet Company, infringed the letters patent set forth in the bill of complaint. All operations of loading and unloading the cargo from the said Hamburg-American Packet Company's vessels in this country are performed in New Jersey as aforesaid, under the immediate direction and control of a superintendent especially employed and appointed by the Hamburg-American Packet Company for that purpose and whose salary or compensation is paid by said company, and with the direction and details of whose supervision of said loading and unloading the firm of Kunhardt & Co. have no concern and exercise no control."

On January 7, 1889, the company moved to dismiss the bill for want of jurisdiction.

On January 11, 1889, the motion to amend and the motion to dismiss were heard together; and the court denied the motion to dismiss, "but without prejudice to any subsequent demurrer, plea, answer or motion to dismiss, because of lack of jurisdiction;" gave the plaintiff leave to amend the bill, as prayed for, *nunc pro tunc* as of the time when it was filed;

and gave the defendants leave to answer, plead or demur to the bill, as amended, on or before the first Monday of March. On February 2, 1889, the plaintiff filed a bill so amended.

On February 16, 1889, the company served on the plaintiff notice of hearing upon the bill and demurrer.

On February 21, 1889, the company moved for leave to amend its general appearance into a special appearance for the specific and only purpose of moving to set aside the service of the subpoena upon it through its alleged agent Henry R. Kunhardt, Sr., and to dismiss the bill as against it for want of jurisdiction; and also moved to set aside the service and to dismiss the bill as against it, "because of lack of jurisdiction of this court over the person of said defendant."

An affidavit of Richard John Cortis, filed in support of this motion, stated that for several years he had been well acquainted with the details of the organization and residence and general business of the company; that its principal offices and place of business were and always had been at the city of Hamburg in the Empire of Germany, and the residences of all its directors and stockholders were within the territorial limits of that empire; and that it had never had an office in the city of New York, or at any place within the Southern District of New York.

On April 5, 1889, the court ordered that this motion be granted, unless the plaintiff should, within five days, file a stipulation to withdraw the amended bill as to the company, and to go to trial as to the company upon the original bill. 38 Fed. Rep. 273. No such stipulation having been filed, on April 11, 1889, the court ordered that the appearance be amended as moved for; that the service of the subpoena upon the company be set aside and quashed; and that the bill be dismissed as against the company.

From that order the plaintiff, on May 23, 1889, took an appeal, which was entered in this court on October 8, 1889, argued on March 13, 1893, and dismissed on March 27, 1893, for want of jurisdiction, because that order, not disposing of the case as to all the defendants, was not a final decree, from which an appeal would lie. 148 U. S. 262.

On May 1, 1893, an application was made to this court for leave to file the present petition, praying for a writ of mandamus to the Judges of the Circuit Court to take jurisdiction and proceed against the company in the suit aforesaid, and to strike from the record the order of April 11, 1889, and to make such disposition of the suit as ought to have been made had that order not been made; and for such other relief in the premises as might be just.

On May 10, 1893, this court gave leave to file the petition, and granted a rule to show cause, returnable at this term. On October 17 a return was filed, setting forth the foregoing proceedings of the Circuit Court, and stating that the order of April 11, 1889, was made upon the following grounds:

1st. That it was made to appear, and the Circuit Court found, that the company had originally made a general, instead of a special, appearance in the suit, because of a justifiable mistake on its part as to the nature of the suit, caused by the plaintiff's own allegations in the original bill.

2d. That it appeared by the affidavits and other proceedings set forth in the record that the company is a corporation organized and existing under the laws of the Kingdom of Hanover, Empire of Germany, and is not, and was not at the time of the service of the subpœna upon Henry R. Kunhardt, Sr., an inhabitant of the Southern District of New York.

3d. That, upon the facts as presented to the Circuit Court, and shown by the record, it did not appear that said Kunhardt was at any time the general agent of the company, or such an agent that service upon him of the subpœna in the suit was sufficient to confer jurisdiction over the company.

*Mr. Charles M. Demond* for petitioner.

*Mr. Walter D. Edmonds* opposing.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court:

By the Constitution of the United States, art. 3, sect. 2, the judicial power shall extend to all cases, in law and equity,

arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority; to controversies to which the United States shall be a party; to controversies between citizens of different States; between citizens of the same State claiming lands under grants of different States; and between citizens of a State and foreign States, citizens or subjects.

By the act of March 3, 1887, c. 373, § 1, as corrected by the act of August 13, 1888, c. 866, "the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different States," "or a controversy between citizens of the same State claiming lands under grants of different States, or a controversy between citizens of a State and foreign States, citizens or subjects." 24 Stat. 552; 25 Stat. 434.

The intention of Congress is manifest, at least as to cases of which the courts of the several States have concurrent jurisdiction, and which involve a certain amount or value, to vest in the Circuit Courts of the United States full and effectual jurisdiction, as contemplated by the Constitution, over each of the classes of controversies above mentioned; and (what particularly concerns the case at bar) Congress, following the very words of the Constitution, has here vested in those courts jurisdiction of controversies "between citizens of a State and foreign States, citizens or subjects."

The question then arises how far the jurisdiction thus conferred over this last class of controversies, and especially over a suit by a citizen of a State against a foreign citizen or subject, is affected by the subsequent provisions of the same section, by which, after other regulations of the jurisdiction of the Circuit Courts and District Courts of the United States,

it is enacted that "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Of these two provisions, the latter relates only to suits between citizens of different States of the Union, and is therefore manifestly inapplicable to a suit brought by a citizen of one of these States against an alien. And the former of the two provisions cannot reasonably be construed to apply to such a suit.

The words of that provision, as it now stands upon the statute book, are that "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." These words evidently look to those persons, and those persons only, who are inhabitants of some district within the United States. Their object is to distribute among the particular districts the general jurisdiction fully and clearly granted in the earlier part of the same section; and not to wholly annul or defeat that jurisdiction over any case comprehended in the grant. To construe the provision as applicable to all suits between a citizen and an alien would leave the courts of the United States open to aliens against citizens, and close them to citizens against aliens. Such a construction is not required by the language of the provision, and would be inconsistent with the general intent of the section as a whole.

This view is confirmed by a consideration of the earlier statutes upon this subject, which, although repealed, may properly be referred to in aid of the construction of existing laws. *Ex parte Crow Dog*, 109 U. S. 556, 561; *Viterbo* v. *Friedlander*, 120 U. S. 707, 725, 726. The corresponding provision, as originally enacted in the Judiciary Act of September 24, 1789, c. 20, § 11, continued in force for the greater part of a century, and retained in the Revised Statutes,

applied only to inhabitants of the United States; for its words were that no civil-suit should be brought "against an inhabitant of the United States by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ." 1 Stat. 79; Rev. Stat. § 739. The substitution, in the act of March 3, 1875, c. 137, § 1, of the words "against any person" for the words "against an inhabitant of the United States," has been assumed to be an immaterial change. 18 Stat. 470; *In re Louisville Underwriters*, 134 U. S. 488, 492; *Shaw v. Quincy Mining Co.*, 145 U. S. 444, 448. But if the act of 1875 could have been treated as extending the provision to suits against aliens, it could only be by virtue of the clause permitting defendants to be sued in the district in which they were found. That clause having been stricken out in the acts of 1887 and 1888, the provision, as it stands in these acts, must be limited by implication, as the provision in its original form was by express words, to inhabitants of the United States; and it is therefore inapplicable to an alien or to a foreign corporation.

Moreover, the present suit is for an infringement of a patent for an invention, the jurisdiction of the national courts over which depends upon the subject-matter, and not upon the parties; and, by statutes in force at the time of the passage of the acts of 1887 and 1888, the courts of the nation had original jurisdiction "exclusive of the courts of the several States," "of all cases arising under the patent-right or copyright-laws of the United States," without regard to the amount or value in dispute. Rev. Stat. § 629, cl. 9; § 711, cl. 5. The section now in question, at the outset, speaks only of so much of the civil jurisdiction of the Circuit Courts of the United States, as is "concurrent with the courts of the several States," and as concerns cases in which the matter in dispute exceeds two thousand dollars in amount or value. The grant to the Circuit Courts of the United States, in this section, of jurisdiction over a class of cases described generally as "arising under the Constitution and laws of the United States," does not affect the jurisdiction granted by earlier statutes to any court of the United States over specified cases of that class. If the

clause of this section defining the district in which suit shall be brought is applicable to patent cases, the clause limiting the jurisdiction to matters of a certain amount or value must be held to be equally applicable, with the result that no court of the country, national or state, would have jurisdiction of patent suits involving a less amount or value. It is impossible to adopt a construction which necessarily leads to such a result. *United States* v. *Mooney*, 116 U. S. 104, 107; *Miller-Magee Co.* v. *Carpenter*, 34 Fed. Rep. 433.

It was contended in behalf of the company that this case was governed by the recent decisions of this court in *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444, and *Southern Pacific Co.* v. *Denton*, 146 U. S. 202. But those decisions went no further than to hold that within the meaning of the Judiciary Acts a corporation cannot be considered a citizen, an inhabitant or a resident of a State in which it has not been incorporated; and that under the act of 1888 a corporation, incorporated in one of the United States and in that State only, cannot be compelled to answer in another State in which it has a usual place of business, and of which the plaintiff is not a citizen. In the first of those cases it was observed that the question what might be the rule in suits against an alien or a foreign corporation was not before the court, and might be governed by different considerations. 145 U. S. 453.

Upon deliberate advisement, and for the reasons above stated, we are of opinion that the provision of the existing statute, which prohibits suit to be brought against any person "in any other district than that whereof he is an inhabitant," is inapplicable to an alien or a foreign corporation sued here, and especially in a suit for the infringement of a patent right; and that, consequently, such a person or corporation may be sued by a citizen of a State of the Union in any district in which valid service can be made upon the defendant. *In re Louisville Underwriters*, 134 U. S. 488.

The question, then, whether the Hamburg-American Packet Company was bound to answer to the suit brought by this petitioner against it, depended upon the question whether Henry R. Kunhardt, Sr., upon whom the subpœna was served,

was such an agent of the company that service upon him as its agent was sufficient service upon the company.

The marshal's return upon the subpœna states that the service thereof upon the company was made by serving it upon said Kunhardt, "general agent for said company." This return, of course, is not conclusive of that fact. But upon the affidavits filed by the company, giving them the utmost effect in its favor, the real state of facts was as follows: There is no room for suggesting that there was within the district any director or other officer of the company, or any agent expressly authorized to accept service upon it. The company's docks where its steamships land and take and discharge cargo, and its office for the transaction of matters immediately connected with its actual industrial operations in this country, were in the State of New Jersey, and under the charge of a superintendent employed and paid by the corporation for the purpose, and not a member of the firm of Kunhardt & Co. But the usual monetary and financial transactions of the corporation were transacted by that firm, as agents of the corporation, at the office of the firm in the city of New York, which had been advertised by the corporation as its own office.

The firm of Kunhardt & Co. being the financial agents of the corporation, the office of the firm being in the city of New York, and being the office of the corporation for the transaction of its monetary and financial business in this country, the service of the subpœna in New York upon the head of the firm as general agent of the corporation was a sufficient service upon the corporation. *St. Clair* v. *Cox*, 106 U. S. 350, 359; *Société Foncière* v. *Milliken*, 135 U. S. 304; *Mexican Central Railway* v. *Pinkney*, 149 U. S. 194; New York Code of Civil Procedure, § 432; *Tuchband* v. *Chicago & Alton Railroad*, 115 N. Y. 437.

The Hamburg-American Packet Company being liable to this suit in the Circuit Court of the United States for the Southern District of New York if duly served with process in the district, and having been so served, and the order of that court dismissing the suit as against the corporation not being

reviewable on appeal at this stage of the case, there can be no doubt that mandamus lies to compel the Circuit Court to take jurisdiction of the suit as against the corporation. *Railroad Co.* v. *Wiswall*, 23 Wall. 507; *Ex parte Schollenberger*, 96 U. S. 369; *In re Pennsylvania Co.*, 137 U. S. 451, 452.

The order of the Circuit Court dismissing the bill as against the corporation was made on April 11, 1889. Six weeks afterwards, the plaintiff appealed from that order; and his appeal was entered in this court on the first day of October term, 1889. The appellee might, at that or any subsequent term, under Rule 6, have made and submitted on briefs a motion to dismiss that appeal; but never did so before the case was called for argument in the regular order of the docket on March 13, 1893. The delay in disposing of that appeal, therefore, was less owing to the plaintiff than to the defendant. The appeal was dismissed for want of jurisdiction on March 27, 1893; and within five weeks afterwards the plaintiff presented his application for leave to file this petition for a writ of mandamus, and obtained a rule to show cause, returnable at the present term. There is no ground, therefore, for imputing to him such laches as should deprive him of this remedy.

These reasons being conclusive in favor of issuing a writ of mandamus to the Circuit Court to set aside the order of dismissal, and to take jurisdiction of the bill as against the defendant corporation, even if the appearance in its behalf in that court had been only a special appearance for the purpose of moving to dismiss the bill for want of jurisdiction, it is unnecessary to consider whether, under the circumstances of the case, the corporation was rightly allowed to amend its general appearance into a special appearance, or whether the action of the Circuit Court in that respect could be controlled by writ of mandamus.

*Writ of mandamus to issue.*