## MILLER v. NEW YORK CENT. & H. R. R. CO.

### (Circuit Court, D. Massachusetts. October 11, 1906.)

### No. 236.

COURTS—FEDERAL JURISDICTION—DISTRICT OF SUIT.

Under the provision of section 1, of the federal judiciary act (Act Aug. 13, 1888, c. 866. 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]) that "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states suit shall be brought only in the district of the residence of either the plaintiff or the defendant," an alien, although resident in a state, can maintain a suit against a citizen of the United States only in the district of defendant's residence, the latter clause of the provision relating only to suits between citizens of different states of the Union.

On Demurrer for Want of Jurisdiction.

Gargan, Keating & Brackett, for complainant.

Woodward Hudson and George P. Furber, for defendant.

LOWELL, Circuit Judge. This was an action of tort brought by "a subject of his majesty, King Oscar II of Sweden, residing at said Boston." The defendant is a New York corporation. Jurisdiction is based upon diversity of citizenship. The defendant has demurred to the jurisdiction of this court.. The statute of 1888 provides that:

"No civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between·citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508].

The plaintiff argues that, as he is an alien resident in Massachusetts, he is entitled to bring his suit in this court, as this is' the court of the district of his residence. His contention fails for two reasons, either of which is sufficient:

(1) In Re Hohorst, 150 U. S. 653, 660, 14 Sup. Ct. 221, 224, 37 L. Ed. 1211, the Supreme Court said that the last clause of the statute above quoted "relates only to suits between citizens of different states of the Union, and is therefore manifestly inapplicable to a suit brought by a citizen of one of these states against an alien." No reason has been suggested for applying the clause in question to the case of an alien plaintiff rather than to that of an alien defendant.

(2) Even a plaintiff citizen of the United States can bring suit in the Circuit Court in Massachusetts against a citizen of New York only if the former be a citizen of Massachusetts. In Shaw v. Quincy Mining Company, 145 U. S. 444, 449, 12 Sup. Ct. 935, 937, 36 L. Ed. 768, the Supreme Court said that the statute above · quoted "requires any suit, the jurisdiction of which is founded only on its being between the citizens of different states, to be brought in the state of which one is a citizen, and in the district therein of which he is an inhabitant and resident." This is in conformity with the fourteenth article of amendment to the Constitution, which provides that:

"All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."

"The word 'inhabitant' in (the statute in question) was apparently used not in any larger meaning than 'citizen,' but to avoid the incongruity of speaking of a citizen of anything less than a state, when the intention was to cover not only a district which included a whole state, but also two districts in one state." 145 U. S. 447, 12 Sup. Ct. 936, 36 L. Ed. 768. While the matters above referred to were not directly in issue in the cases above cited, yet they were premises upon which the reasoning of the Supreme Court was based.

If some inhabitancy or residence of the plaintiff in Massachusetts, which does not amount to citizenship, will not enable a citizen of New Hampshire to sue a citizen of New York in the Circuit Court of Massachusetts, an alien cannot sue the same defendant under like circumstances. The statute was not intended to give to aliens greater rights than those of citizens. That the words "inhabitant" and "resi-

dent" are used elsewhere as distinguished from "citizen" is not material.

Demurrer to the jurisdiction sustained. Action dismissed, without costs.