## SMELLIE v. SOUTHERN PAC. CO.

(District Court, N. D. California, Second Division. June 21, 1912.)

No. 15,450.

1. COURTS (§ 276*)—FEDERAL COURTS—JURISDICTION—OBJECTIONS—WAIVER.
   While the objection of want of jurisdiction of a controversy by a federal court cannot be waived, the right to have the action brought in a particular district may and will be waived unless timely objection is made; but, unless the acts of the parties are such as to evidence a waiver of the objection by both, no jurisdiction obtains, if the action is brought in the wrong district.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*
   Waiver of right as to district in which suit may be brought, see notes to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192; McPhee & McGinty Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

2. REMOVAL OF CAUSES (§ 12*)—FEDERAL COURTS—ALIEN.
   Since the provision of the Judiciary Act (Act March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508]), requiring suits in federal courts to be brought in the district of which the defendant is an inhabitant, has no application to suits by an alien against a citizen, and such alien has

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
197 F.—41

no interest in having the venue laid in the district of the defendant's residence and his waiver is not necessary to give proper venue in a district other than that of the defendant's residence, an alien, having brought suit in a state court against a citizen who is a nonresident of the state and federal district, cannot object to defendant's removal of the cause to the federal court of that district on the ground that the controversy is between an alien and a citizen.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

At Law. Action by William Smèllie against the Southern Pacific Company. On plaintiff's motion to remand the case to the state court. Denied.

Schlesinger & Shaw, of San Francisco, Cal., for plaintiff.

T. C. Coogan and Foshay Walker, of San Francisco, Cal., for defendant.

VAN FLEET, District Judge. This is a motion by the plaintiff to remand the cause, and the question presented is whether in an action commenced by an alien plaintiff in a state court against a citizen of the United States as defendant, who is a nonresident of the state and federal district in which the action is brought, the latter may by removal proceedings successfully invoke the jurisdiction of this court, solely on the ground that the controversy is one between an alien and a citizen of the United States, against the objection of the plaintiff duly interposed.

The same question has been frequently before the federal courts. As a result largely of divergent views as to the effect of the principles announced by the Supreme Court in the cases of Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, and In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164, the rulings of the late Circuit Courts having occasion to pass upon the question subsequent to those decisions were conflicting, several of them sustaining the jurisdiction (Barlow v. C. & N. W. Ry. Co., 164 Fed. 765; s. c., 172 Fed. 513; Decker v. Southern Ry. Co., 189 Fed. 224; Bagenas v. Southern Pacific Co., 180 Fed. 887), while others denied it (Mahopoulus v. C., R. I. & P. Co., 167 Fed. 165; Odhner v. Northern Pacific Co., 188 Fed. 507; Sagara v. C. I. & P. R. Ry. Co., 189 Fed. 220); whereas prior to the promulgation of the decisions in the Wisner and Moore Cases the rulings of the Circuit Courts had been very uniformly in favor of the right of removal in such cases. Such was the decision of Judge Ross in this circuit in Stalker v. Pullman Car Co., 81 Fed. 989.

The correct answer to the question depends, of course, upon the terms of the grant of jurisdiction to these courts by Congress, now found in the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087 [U. S. Comp. St. Supp. 1911, p. 128]). That Code (section 24) gives the District Courts of the United States original jurisdiction of all suits of a civil nature, at common law or in equity, where, as here, the matter in controversy is sufficient in amount, and the suit "is between

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

citizens of different states, or is between citizens of a state and foreign states, citizens or subjects," and provides (section 28) that, when commenced in a state court, any such suit "of which the District Courts of the United States are given original jurisdiction by this title * * * may be removed by the defendant or defendants therein to the District Court of the United States for the proper district." Section 51 then provides that, with certain exceptions not here involved, "no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." These are the pertinent features of the Code bearing upon the subject.

In construing these provisions as they previously existed in the Judiciary Act and the acts amendatory thereof, and wherein the codification has made no change affecting present consideration, the Supreme Court, in Ex parte Wisner, supra, following in that respect its previous decisions, held that no suit which could not have been commenced originally in the Circuit Court could be removed thereto from the state court; and that as a consequence, by reason of the limiting effect of the proviso now found in section 51, in an action commenced in a state court by a citizen of another state against a defendant, nonresident of the state in which the action was brought, and who was a citizen of a state other than that of the plaintiff, the defendant could not by removal proceedings confer jurisdiction upon the Circuit Court of the United States, even though both plaintiff and defendant should acquiesce in such removal. The doctrine of that case was, however, modified in the subsequent case of In re Moore, supra, wherein it was held that, such a case being within the general grant of jurisdiction conferred upon those courts by the Judiciary Act, the further provision requiring the suit to be brought "only in the district of the residence of either the plaintiff or the defendant" was, under repeated rulings of that court, to be construed as a personal privilege for the benefit of the parties, which may be waived; the court saying:

"The contention is that as this action could not have been originally brought in the Circuit Court for the Eastern District of Missouri by reason of the last provision quoted from section 1 [Act March 3, 1875, c. 137, 18 Stat. 470 as amended by Act March 3, 1887, c. 373, corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508)], it cannot under section 2 be removed to that court, as the authorized removal is only of those cases of which by the prior section original jurisdiction is given to the United States Circuit Courts. But this ignores the distinction between the general description of the jurisdiction of the United States courts and the clause naming the particular district in which an action must be brought."

And, quoting from Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853, it was said:

" 'The act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may

consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented.'"

And it was, in effect, held, after a full review of the authorities bearing on the subject, that, in a case of diversity of citizenship, the bringing of an action in the federal court of the wrong district by the plaintiff, and the appearance of the defendant therein and pleading to the merits, without interposing any objection to the jurisdiction, is to be regarded as a distinct waiver of this privilege on the part of both parties; so that the court, having general jurisdiction of the controversy, acquires by such waiver jurisdiction of the parties as well, and is thus clothed with full jurisdiction in the premises. And it was likewise held that the bringing of such an action in a state court of the wrong district, and its subsequent removal by the defendant to the federal court of such district, without timely objection thereto by the plaintiff, is equally to be regarded as a waiver by both parties of any objection to the jurisdiction of the latter court; the defendant evidencing such waiver by the proceedings for removal, and the plaintiff by going to the merits without objection, so that in such a case the federal court acquires complete jurisdiction.

[1] In other words, the effect of that case is that, while the objection of want of jurisdiction of the controversy cannot ·be waived, that of the right to have the action brought in a particular district may and will be considered waived under circumstances such as indicated; but that, unless the acts of the parties are such as to evidence a waiver of the objection by both, no jurisdiction obtains. See, also, the later cases of Western Loan, etc., Co. v. Butte Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Kreigh v. Westinghouse, etc., Co., 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 984.

[2] It was largely in the application of what was assumed to be the effect of the principles announced in these cases that the conclusion was reached by the Circuit Courts in the cases above referred to holding that in a case like the present the Circuit Court does not obtain jurisdiction against the consent of the alien plaintiff; that is, that an alien equally with a citizen of the United States has a right to interpose such objection.

But it is to be observed that in both the Moore and Wisner Cases, and the later ones above cited as well, the controversy was between citizens of different states of the United States, and not between an alien and a citizen of the United States. In the case of.In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211, the Supreme Court, construing these same provisions then found in the act of 1887, held that they had no application to cases involving controversies between citizens of the United States and aliens. Referring to the ·intention of Congress as manifested by the language employed therein, and after considering the prior clause conferring general jurisdiction in such cases, it is said:

"The question then arises how far the jurisdiction thus conferred over this last class of controversies, and especially over a suit by a citizen of a state against a foreign citizen or subject, is affected by the subsequent provisions of the same section, by which, after other regulations of the jurisdiction of

the Circuit Courts and District Courts of the United States, it is enacted that 'no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof, he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.'

"Of these two provisions, the latter relates only to suits between citizens of different states of the Union, and is therefore manifestly inapplicable to a suit brought by a citizen of one of these states against an alien. And the former of the two provisions cannot reasonably be construed to apply to such a suit.

"The words of that provision, as it now stands upon the statute book, are that 'no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant.' These words evidently look to those persons, and those persons only, who are inhabitants of some district within the United States. Their object is to distribute among the particular districts the general jurisdiction fully and clearly granted in the earlier part of the same section; and not to wholly annul or defeat that jurisdiction over any case comprehended in the grant. To construe the provision as applicable to all suits between a citizen and an alien would leave the courts of the United States open to aliens against citizens, and close them to citizens against aliens. Such a construction is not required by the language of the provision, and would be inconsistent with the general intent of the section as a whole."

And in the later case of Barrow S. S. Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964, considering a cognate question of jurisdiction over an English corporation sued by a citizen of the United States in the Circuit Court, it is said:

"By the existing act of Congress defining the general jurisdiction of the Circuit Courts of the United States, those courts 'shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, when the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars,' 'in which there shall be a controversy between citizens of different states,' 'or a controversy between citizens of a state and foreign states, citizens or subjects.' And, as has been adjudged by this court, the subsequent provisions of the act, as to the district in which suits must be brought, have no application to a suit against an alien or a foreign corporation; but such a person or corporation may be sued by a citizen of a state of the Union in any district in which valid service can be made upon the defendant. Act of March 3, 1887, c. 373, § 1, 24 Stat. 552, as corrected by the act of August 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]; Shaw v. Quincy Mining Co., 145 U. S. 444, 453 [12 Sup. Ct. 935, 36 L. Ed. 768]; In re Hohorst, 150 U. S. 653 [14 Sup. Ct. 221, 37 L. Ed. 1211]; Galveston, etc., Railway v. Gonzales, 151 U. S. 496, 503 [14 Sup. Ct. 401, 38 L. Ed. 248]; In re Keasbey & Mattison Co., 160 U. S. 221, 229, 230 [16 Sup. Ct. 273, 40 L. Ed. 402]."

By applying the analogy of these cases, which would seem to be obvious, and a consideration of the other features of the statute, the Circuit Courts sustaining the jurisdiction reached the conclusion that the provision of the law here invoked has no application to aliens, and that the latter have no standing to object to the jurisdiction of the federal court in such a case. As stated by Judge Reed in Barlow v. Chicago & N. W. Ry. Co., supra, on rehearing (172 Fed. 513):

"In Re Hohorst, 150 U. S. 653–659, 14 Sup. Ct. 221, 37 L. Ed. 1211, and again in Barrow Steamship Co. v. Kane, 170 U. S. 100–112, 18 Sup. Ct. 526, 42 L. Ed. 964, it is plainly held that the provision of the act in question requiring suits to be brought in the district of which the defendant is an inhabitant has no

application to suits by a citizen of one of the states of the Union against an alien, and that such a suit may be brought originally in the Circuit Court of the United States in any district wherein valid service may be obtained upon the alien defendant, though the cause of action upon which the suit is brought may have arisen in a foreign country. If this be true, and it must be so regarded by the lower federal courts, then it must also be true that the further provision which requires that suits wherein the jurisdiction of the Circuit Courts 'is founded only upon the fact that the action is between citizens of different states shall be brought only in the district of the residence of either the plaintiff or defendant' is not applicable to suits between aliens and citizens, for by the very letter of that provision it applies only to suits between 'citizens of different states'; and suits between citizens and aliens may be brought in any district where valid service may be obtained upon the defendant, whether he be a citizen or alien, subject, of course, to the right of the defendant, if he be a citizen of one of the states, to seasonably object to being sued by an alien in any other district than that of his residence, the same as he might so object if sued by a citizen in a district of which neither the plaintiff nor the defendant was a resident, and, unless he does so object, the cause may rightly proceed to determination in the Circuit Court of the United States, where it was so commenced. Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; Shaw v. Quincy Mining Co., 145 U. S. 444–448, 12 Sup. Ct. 935, 36 L. Ed. 768; Central Trust Co. v. McGeorge, 151 U. S. 129–138, 14 Sup. St. 286, 38 L. Ed. 98; In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402; Galveston, etc., Ry. Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248."

And as persuasively reasoned by Judge Grubb in Decker v. Southern Ry. Co., supra:

"In cases where jurisdiction depends upon the fact that the plaintiff is an alien and defendant a citizen of a state of the United States, the provision as to venue is merely that the suit must be brought in the district in which the defendant is an inhabitant. This provision is clearly for the benefit of the defendant alone. The plaintiff, an alien, is presumed to have no interest in having venue laid in the district of the residence of the defendant, and the plaintiff's waiver is not necessary to give proper venue in a district other than that of the residence of defendant. The defendant's consent is alone essential for this purpose. An alien has no district of inhabitancy, and an alien plaintiff is given no option as to venue as between the district of residence of plaintiff and that of the defendant as in cases where jurisdiction depends upon diversity of citizenship as between the states. An alien plaintiff is presumed to have no choice as to districts, and no provision is therefore made in his favor as to venue in that respect. Consequently, an alien plaintiff, who institutes a suit in a state court in a district in which defendant does not reside, has no complaint because the defendant removes the cause into the federal court of that district; since the law confers on the alien plaintiff no privilege of selection as to districts. In cases of alien plaintiff, consent of the defendant to the venue is alone requisite, and such consent is implied in the institution by the defendant of the removal proceedings."

I regard these cases as correctly interpreting the effect of the statute; and, as the conclusion there reached is in harmony with the previous rulings in this circuit, I shall follow it here.

The motion to remand is denied.