## SMITHSON v. RONEO, Limited.

(District Court, E. D. New York. March 11, 1916.)

1. COURTS ⟨=⟩274—UNITED STATES COURTS—JURISDICTION—ACTIONS AGAINST ALIENS.

A British corporation can be sued in a United States court only in a district where it can be validly served.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. ⟨=⟩274.]

2. COURTS ⟨=⟩276—UNITED STATES COURTS—JURISDICTION—WAIVER OF DEFECTS.

As under Act March 3, 1887, c. 373, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433, giving the Circuit Courts jurisdiction of suits involving controversies between citizens of a state and foreign states, citizens, or subjects, the District Courts generally have jurisdiction over any case between an alien and a citizen of any state, the right of an

alien to object to the place of suit or to any defect in the service can be waived.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. ☞276.]

3. CORPORATIONS ☞668(7) — FOREIGN CORPORATIONS — ACTIONS — SERVICE OF PROCESS.

The managing director of an English corporation, while in the United States upon a pleasure trip, negotiated with parties seeking to enter into business relations with the corporation, but confined his activities to preliminary negotiations, leaving the making of any contract to the corporation in England. The corporation owned stock in a New York corporation conducting a somewhat similar business, but left ordinary business transactions to the New York corporation as within its territory. *Held*, that process in a suit on a cause of action arising some time previously in connection with transactions in England between plaintiff and the corporation could not be served on such managing director while so in the United States, as the corporation was not conducting business, and had no place of business within the district, so as to justify such service.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2613; Dec. Dig. ☞668(7).]

4. CORPORATIONS ☞668(7)—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS.

A foreign corporation could not object to the service of process upon an officer while within a district, if while in such district, upon the primary purpose of a pleasure trip, he exercised his official connection with the company in the conduct of its ordinary business and was served in such capacity.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2613; Dec. Dig. ☞668(7).]

5. CORPORATIONS ☞642(6)—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS.—"ENGAGED IN BUSINESS FOR CORPORATION"—"REGULAR PLACE OF BUSINESS"—"OFFICE FOR TRANSACTION OF BUSINESS."

The making of a contract or entering into business relations with a party within the boundaries of any certain district may render the terms of that contract subject to the laws of the jurisdiction, and in so far as an officer or agent of the corporation was concerned with the making of such a contract he would be "engaged in business for the corporation"; but the hotel or other casual place in which the transaction might be had could not be construed as a "regular place of business," nor "office for the transaction of business" of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2526; Dec. Dig. ☞642(6).]

6. CORPORATIONS ☞642(6)—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS—"DOING BUSINESS."

The mere taking advantage of casual presence in a given locality, and the direct interview or arranging for business by word of mouth rather than letter or telephone, would not constitute "doing business" by a foreign corporation and the maintenance of a place of business, unless the circumstances indicated that the corporation was entering upon the actual conduct of business in the mercantile sense, in the place where the negotiations were had, and that the appearance of accidental or casual coincidence and negotiation was but a subterfuge or cloak.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2526; Dec. Dig. ☞642(6).

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. CORPORATIONS ⬤⇒642(1)—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS—DOING BUSINESS.

To be doing business in a jurisdiction the business done by a foreign corporation must be such in character and extent as to warrant the inference that it has subjected itself to the jurisdiction.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520, 2521; Dec. Dig. ⬤⇒642(1).]

8. CORPORATIONS ⬤⇒674—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS.

Whether a foreign corporation is conducting business and has a sufficiently defined place of conducting business to justify the United States courts in holding that it has been found and is liable to service within the district is primarily a question of fact, and the legal position rests upon the determination of this question of fact.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2651, 2652; Dec. Dig. ⬤⇒674.]

At Law. Action by William C. Smithson against Roneo, Limited. Service held void, and action dismissed.

Nicholas W. Hacker, of New York City, for plaintiff.

Parsons, Closson & McIlvaine, of New York City, for defendant, appearing specially.

CHATFIELD, District Judge. [1] The defendant is a corporation of Great Britain. It can be sued in a United States court only in a district where it can be validly served. In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991; In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964.

[2] The right to object to the place of suit (or any defect in service) can be waived, as the United States District Courts generally have jurisdiction or power of removal over any case between an alien and a citizen of any state. Chapter 373, Act March 3, 1887, as corrected by chapter 866, Act Aug. 13, 1888.

In this case the defendant has objected from the outset, appearing specially for the purpose, to the exercise of jurisdiction by the court over the defendant, on the ground that the defendant has not been validly served. The summons was served upon a person who sufficiently represented the corporation, if it was doing business within the state. Brush Creek Coal & Mining Co. v. Morgan-Gardner Electric Co. (C. C.) 136 Fed. 505.

[3] It appears that this person, who was the managing director (that is, the official head of the corporation under the English law), was in the United States upon a pleasure trip. While here he looked into certain matters or had certain negotiations with some four parties who were seeking to enter into business relations with the defendant corporation. In each instance this managing director apparently confined his activities to preliminary discussion or negotiations, and carefully left the making of any contract for formal action by the corporation in England.

It appears from the record that the defendant corporation owned a certain amount of stock in a New York corporation, which main-

tained an office here and conducted a somewhat similar business. The defendant left the ordinary business transactions to the New York corporation, as within its territory. Under such circumstances, it could not be said that the managing director was improperly enticed within the state, or that he was brought here under compulsion. Commercial Mutual Accident Co. v. Davis, 213 U. S. 245, 29 Sup. Ct. 445, 53 L. Ed. 782; Fitzgerald Const. Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. 36, 34 L. Ed. 608.

[4] Nor could the defendant object, if while here upon the primary purpose of a pleasure trip, he exercised his official connection with the company in the conduct of its ordinary business, and was served in such capacity. But if the company did no business in the usual course in the state of New York, if it maintained no office, and if it carefully observed the rights of the New York corporation, so as to leave to the New York corporation all business within this state, a different situation is presented.

A corporation has been held not to be doing business, in the sense of maintaining a regular place of business and being liable to service, where the business is really that of another corporation which it controls. Peterson v. Chicago, Rock Island & Pac. Ry., 205 U. S. 364, 27 Sup. Ct. 513, 51 L. Ed. 841; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113.

[5] The making of a contract or entering into business relations with a party, within the boundaries of any certain jurisdiction, may render the terms of that contract subject to the laws of that jurisdiction, and in so far as an officer or agent of the corporation was concerned with the making of such a contract he would be engaged in business *for* the corporation. But the hotel, train, attorney's office, or casual place in which such transaction might be had, could not be construed as a regular place of business, nor as an office for the transaction of business, of the defendant corporation.

[6] Nor would the mere taking advantage of casual presence in any given locality, and the direct interview or arranging for business by word of mouth, instead of by letter or telephone, constitute the doing of business and the maintenance of a place of business, unless the circumstance indicated that the corporation was entering upon the actual conduct of business, in the mercantile sense, in the place where the negotiations were being had, and that the appearance of accidental or casual coincidence and negotiation, through the physical presence of the two parties at the same spot, was but a subterfuge or cloak to cover the real facts.

[7] The business done by a foreign corporation must be such in character and extent as to warrant the inference that it has subjected itself to the jurisdiction. St. Louis S. W. Ry. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77. In the present case the plaintiff is seeking to bring suit upon a cause of action arising some time before, in connection with transactions in England, between the plaintiff and the defendant corporation. To hold that the defendant corporation may be sued in the United States, because the managing director took up certain business for it personally while traveling in this country, instead of conducting that

business by letter, is impossible, under the authorities. The case of St. Louis S. W. Ry. v. Alexander, supra, presents an entirely different state of facts.

[8] If the negotiations or business talks had taken place upon a train between San Francisco and New York, claim might be made that the defendant corporation was doing business in every district through which the train passed. Certainly it would have no property resident in that district, and would have no established place of business, nor any office. This indicates that the question of law, as to whether a corporation is conducting business and has a sufficiently defined place of conducting business to justify the United States courts in holding that it has been found and is liable to service within the district, is primarily a question of fact, and that the legal position rests upon the determination of this question of fact.

In the present case, even though the defendant is thus able to appear specially and to avoid the litigation of the alleged causes of action urged against it by a resident of this country, it must be found that the defendant has not conducted business nor established a place of business within this district, in such a way as to justify service of process upon one of its officers, who was, in pursuance of a preconceived plan, taking up certain business matters while incidentally in the city of New York.

The service will be held void, and the action dismissed.