**BATOR et al. v. BOOSEY & HAWKES, Limited (COLUMBIA RECORDS, Inc., Third-Party Plaintiff).**

United States District Court
S. D. New York.
July 13, 1948.

Wachtell, Manheim & Grouf and Arthur E. Garmaize, all of New York City, for plaintiffs.

Arthur L. Fishbein, of New York City (Maxwell Okun, of New York City, of counsel), for defendant Boosey & Hawkes, Limited.

COXE, District Judge.

This is a motion by the defendant Boosey & Hawkes, Ltd., to dismiss the action as to it (1) for improper venue, and (2) for lack of jurisdiction over its person on the ground that it neither transacts business in the State of New York nor is present here.

The action was originally commenced by the plaintiffs as executors of the will of Bela Bartok, deceased, against Columbia Records, Inc., as sole defendant, for a declaratory judgment with respect to the rights of the plaintiffs in an original musical composition entitled "The Third Piano Concerto" by Bela Bartok, and for other incidental relief. The complaint alleged that the concerto was never publish-

ed by the deceased, nor by the plaintiffs, and that the defendant Columbia Records, Inc., without the consent of the plaintiffs, has made and sold, and is making and selling, mechanical transcriptions or records thereof.

Soon after the commencement of the action, the defendant Columbia Records, Inc., brought in Boosey-Hawkes, Inc., as a third-party defendant, on a third-party complaint, alleging that it (Columbia Records, Inc.) had made and sold mechanical transcriptions or records of the concerto pursuant to a license agreement with Boosey-Hawkes, Inc., under which it was indemnified against loss or damage from adverse claims by others in and to the subject matter of the agreement.

Thereafter, the plaintiffs filed an amended complaint adding Boosey & Hawkes, Ltd., as a defendant in the action, and asserting claims not only against the original defendant, Columbia Records, Inc., but also against the third-party defendant Boosey-Hawkes, Inc., and the added defendant Boosey & Hawkes, Ltd.

The amended complaint, in the claims against the defendant Columbia Records, Inc., repeats the allegations of the original complaint, and in the claim against the third-party defendant Boosey-Hawkes, Inc., alleges that the purported license to the defendant Columbia Records, Inc., to make and sell mechanical transcriptions or records of the concerto, was without the consent of the deceased or of the plaintiffs. In the claim against the defendant Boosey & Hawkes, Ltd., it alleges that, in 1939, Bela Bartok entered into an agreement with the defendant Boosey & Hawkes, Ltd., under which that corporation agreed to act during a stated period as agent and trustee of the copyrights of Bela Bartok's musical works submitted and assigned to it, for such purpose; that this agreement is still in effect; that neither Bela Bartok nor the plaintiffs submitted the concerto to the corporation for the purpose of the agreement; that in 1947 Boosey & Hawkes, Ltd., published the concerto and obtained United States copyright registration therefor, and that the defendant Boosey & Hawkes, Ltd., assigned all of its right, title and interest in the concerto, and

in the copyright, to the third-party defendant, Boosey-Hawkes, Inc.

The plaintiff Victor Bator is a citizen of the State of New York, the plaintiff Julius G. Baron a citizen of the State of Illinois. The defendant Boosey & Hawkes, Ltd., is an English corporation, with its principal office in London, England. The defendant Columbia Records, Inc., is a Delaware corporation, qualified to do business in the State of New York. The third-party defendant, Boosey-Hawkes, Inc., is a New York corporation, and a wholly-owned subsidiary of the defendant Boosey & Hawkes, Ltd. The service of process on the defendant Boosey & Hawkes, Ltd., was made in the Southern District of New York by delivering the process to Ralph Hawkes, a managing director of the English corporation and the vice-president and secretary of the New York subsidiary. The defendant Columbia Records, Inc., and the third-party defendant Boosey-Hawkes, Inc., have appeared generally in the action and answered the amended complaint.

■ 1. The motion, insofar as it challenges the venue as to the defendant Boosey & Hawkes, Ltd., is without merit, for it is well settled that the general venue statute, 28 U.S.C.A., § 112,[1] is inapplicable, and that an action may be maintained against a foreign corporation in any district in which valid service can be made. In re Hohorst, 150 U.S. 653, 662, 14 S.Ct. 221, 37 L.Ed. 1211; Barrow Steamship Co. v. Kane, 170 U.S. 100, 112, 18 S.Ct. 526, 42 L.Ed. 964. See also Niccum v. Northern Assur. Co., D.C., 17 F.2d 160, 164; Hayat Carpet Cleaning Co. v. Northern Assur. Co., D.C., 2 F.Supp. 469.

■ 2. The question remains whether the English corporation is doing business here of such a character as to support the service of process upon Ralph Hawkes, a managing director of the English corporation and the vice-president and secretary of the New York subsidiary.

The plaintiffs first say that the New York subsidiary is a mere agent for the English corporation. The opposing affidavit submitted on behalf of the plaintiffs shows that the same persons are the principal officers of both corporations; that advertising matter of the English corporation lists New York as a place where it carries on business; that negotiations of contracts for the English corporation are carried on by the New York subsidiary, and that royalties payable by the English corporation are frequently paid by the New York subsidiary. It also appears from an assignment agreement between the two corporations, dated June 20, 1940, a photostat copy of which is attached to the opposing affidavit, that the English corporation has assigned, or agreed to assign, to the New York subsidiary, for exploitation, all United States copyrights of musical or other works owned or afterwards acquired by the English corporation, but on terms requiring the New York subsidiary to pay to the English corporation "all sums received * * * as the result of the exploitation," after retaining "the costs of collection thereof and such other costs, charges or expenses as have heretofore been customary * * * or may hereafter be agreed" between the parties. In the agreement the English corporation undertook to pay from the funds so received any royalties or fees due or payable to any composer, author or person as a result of such exploitation. I think it is clear from these undisputed facts that the New York subsidiary is acting here as a mere agent for the English corporation; there is no such corporate separation as existed in Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634, but, rather, a course of conduct which made the New York subsidiary merely an instrumentality or adjunct of the English corporation. See American Chain Co. v. Stewart-Warner Speedometer Co., D.C., 56 F.2d 614; Industrial Research Corp. v. General Motors Corporation, D.C., 29 F.2d 623.

■ The plaintiffs further say that the English corporation is directly engaged in business here through the activities of Ralph Hawkes, its managing director. This is shown by photostat copies of two letters written by Mr. Hawkes to one of the plaintiffs, together with a royalty statement on the letterhead of the New York subsidiary, all having reference to the 1939 agreement between Bela Bartok and the English cor-

---

[1] In 1948 Revision, 28 U.S.C.A. § 1391.

poration. It is also shown by negotiations carried on by Mr. Hawkes here in connection with contracts to be executed by the English corporation. Mr. Hawkes is stationed here as the representative of the English corporation, and I think that his activities are sufficient to support the jurisdiction as against the English corporation. United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855; Bomze v. Nardis Sportswear, 2 Cir., 165 F.2d 33; Kilpatrick v. Texas & Pacific Ry. Co., 2 Cir., 166 F.2d 788.

The motion of the defendant Boosey & Hawkes, Ltd., to dismiss the action for improper venue and for lack of jurisdiction over its person is in all respects denied.