## VAUGHAN v. EMPRESAS HONDURENAS, S. A.

### No. 12426.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1948.

George Red and L. C. Kemp, both of Houston, Tex., for appellant.

J. D. Wheeler, of San Antonio, Tex., for appellee.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

In the District Court of the United States for the Southern District of Texas a suit was brought by Roswell F. Vaughan, a citizen of the United States, against Empresas Hondurenas, S. A., a corporation of Honduras, upon a transitory cause of action, the petition alleging that service might be had by serving a named official of the defendant at San Antonio, Texas. Process was issued in the Southern District, and transmitted to the Marshal at San Antonio, which is in the Western District of Texas, who there served personally the named official, and made due return of the service to the court of the Southern District. The defendant, appearing specially, set up that its business was all transacted in Honduras, except that certain officers had made contracts in San Antonio in reference to the development of the Company's real estate in Honduras, and for convenience several directors' and stockholders' meetings had been held in San Antonio, and that an office was maintained in San Antonio, but the principal office was in Honduras; that no business of any sort had ever been transacted in the Southern District, and no permit to do business in Texas had been sought, nor any agent for service of process in Texas been appointed, nor has it ever had any agent or representative of any kind in the Southern District. The conclusion was alleged that as an alien corporation it could be sued in Texas only in the district in which service of process could be made, to wit, the Western District. It was prayed that this suit in the Southern District be dismissed. Evidence was heard which supported these allegations and the suit was dismissed without prejudice.

This appeal raises only a question of venue. The suit was filed and service made before the effective date of the revision of Title 28, U.S.C.A., and its venue provisions are not applicable. Appellant contends that the former Section 112 of Title 28 U.S.C.A.,[1] which in general terms required that civil actions in the district court against any person (with irrelevant exceptions) must be brought in the district in which· the defendant is an inhabitant, has no application to this corporation which is an inhabitant of Honduras; that there is no statute which fixes any venue for suits against an alien corporation, and that a suit may be maintained in any district court which can *obtain* service on it. It is thereupon asserted that although before the effective date of the Federal Rules of Civil Procedure, 28 U.S.C.A., process from the District Court of the Southern District of Texas could not in a case like this have been served in the Western District, Rule 4(f) provides for such service, so that when this suit was filed and service made the available venue had become enlarged, so that any district in Texas became a good venue because service of process from any district court can now be made in any other district in Texas. We think the Rule cannot be accorded such an intention or effect, because Rule 82 expressly says: "These rules shall not be construed to *extend* or limit the jurisdiction of the district courts of the United States or *the venue of actions therein.*" (Emphasis added.) We ought not. therefore to say that Rule 4(f) has extended the venue in the Southern District Court beyond what it was before. Though there was no express statute fixing the venue of a suit against an alien corporation, we regard it as having been settled by judicial decisions that the venue was only "in any district in which valid service

---

[1] In 1948 Revision, see 28 U.S.C.A. § 1391 et seq.

can be made upon the defendant." In re Hohorst, 150 U.S. 653, 662, 14 S.Ct. 221, 225, 37 L.Ed. 1211; Barrow S. S. Co. v. Kane, 170 U.S. 100, 112, 18 S.Ct. 526, 42 L.Ed. 964; Tierney v. Helvetia Swiss Fire Ins. Co., C.C.N.Y., 163 F. 82; Smithson v. Roneo, D.C., 231 F. 349. This suit expressly alleged that this alien corporation could be served in the Western District, and it was served in that district, and the evidence shows it could not prior to the adoption of Rule 4(f) have been served in the Southern District. The court rightly held that the Southern District was an improper venue.

Judgment affirmed.