NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE PRINCETON DIGITAL IMAGE CORPORATION,
*Petitioner.*

---

Miscellaneous Docket No. 136

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 11-CV-0039, Judge James Rodney Gilstrap.

---

## ON PETITION

---

Before RADER, *Chief Judge*, LOURIE and SCHALL, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## ORDER

This petition for a writ of mandamus concerns whether a patent infringement suit brought against a foreign corporation may be transferred pursuant to 28 U.S.C. § 1404(a). Princeton Digital Image Corporation brought this suit against Ricoh Company, Ltd., a Japa-

nese corporation, in the United States District Court for the Eastern District of Texas. Ricoh asked the court to transfer the case to the United States District Court for the Southern District of New York where many of the potential witnesses reside. That motion was brought pursuant to section 1404(a), which authorizes change of venue "for the convenience of parties and witnesses, in the interest of justice." The district court agreed, and granted the motion to transfer.

Princeton now seeks from us a writ of mandamus directing the district court to vacate that ruling on the ground that the transfer of venue statute cannot be invoked when venue is proper under section 1391(c)(3). That statute, in relevant part, provides that "[a] defendant not a resident in the United States may be sued in any judicial district[.]" 28 U.S.C. § 1391(c)(3).

To warrant that relief, Princeton must show (1) that it has no other adequate alternative means to attain the desired relief and (2) a "clear and indisputable" right to relief. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004).

To begin, there is no other adequate alternative means to vacate the trial court's order granting transfer of venue. Absent such immediate review, Princeton would not be able to show that it would have won the case had it been tried in the Eastern District of Texas. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318-19 (5th Cir. 2008) (en banc); *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir. 2003).

On the merits, however, we think the authority to transfer here was clear given the language of section 1404(a), which states without hesitation that "a district court may transfer *any civil action* to any other district or

division where it might have been brought[.]" (Emphasis added.)

In fact, that understanding of section 1404(a) in relation to section 1391(c)(3) was all but determined by the Supreme Court long ago in *Ex parte Collett*, 337 U.S. 55 (1949) and *United States v. National City Lines, Inc.*, 337 U.S. 78 (1949). Like Princeton, the plaintiffs in those cases argued that a trial court could not invoke section 1404(a) when a federal statute provided the right to bring suit where initially filed. And like Princeton, the plaintiffs in *Collett* and *National City Lines* argued that transfer under section 1404(a) would nullify other venue provisions that authorized suit in their chosen district.

The Court rejected those arguments, holding that the use of the phrase "any civil action" was intended "without qualification, without hint that some should be excluded." *Collett*, 337 U.S. at 58. The Court went on to explain that section 1404(a) did not repeal other venue provisions because these sections of the Judicial Code "deal with two separate and distinct problems"— while venue provisions "define the proper forum," the Court explained that section 1404(a) "deals with the right to transfer an action properly brought." *Id.* at 60.

For its part, Princeton relies on *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706 (1972) in urging us to adopt the position that when venue is properly established under section 1391(c)(3), as it is in this case in the Eastern District of Texas, all other general and special venue laws are inoperable, including section 1404(a).

Princeton overreads *Brunette*. In that case, the Court reaffirmed the long-standing rule that a patent infringement suit could be brought against a foreign defendant in

any district court, and was not restricted to where the defendant resides, commits acts of infringement, or has a regular and established business as otherwise required under the patent venue statute, 28 U.S.C. § 1400(b). To that end, the Court explained that section "1391[(c)(3)] is properly regarded, not as a venue restriction at all, but rather as a declaration of the long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general or special." *Id.* at 714.

By confirming that the general patent venue limitations of section 1400(b) were inapplicable in suits against foreign defendants, *Brunette* did not hold, let alone suggest, that the Court was departing from its prior decisions in *Collett* and *National City Lines*. Instead, *Brunette* merely reaffirmed the principle that foreign defendants should not be able to avoid suit in the United States based on a lack of residence or citizenship in this country. *See id.* at 709; *see also In re Hohorst*, 150 U.S. 653, 661 (1893). Nothing of that nature is involved when a case is transferred pursuant to section 1404(a). There is no question that a federal court will have jurisdiction, only which federal court is the most convenient and fair for trial. We therefore discern no error in the trial court's decision to transfer this case.

Accordingly,

It Is Ordered That:

The petition is denied.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s19